United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-51696
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO DEWAYNE WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-128-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Mario Dewayne Williams appeals the sentence imposed following his guilty-plea conviction for felony possession of a firearm in violation of 18 U.S.C. §§ 922 & 924(a)(2). He argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 2K2.1(b)(5) (2005) after finding that his possession of the firearm was in connection with another felony offense, namely the distribution of crack cocaine. We review the district court's application of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines de novo and its factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

The district court did not clearly err when it adopted the presentence report's (PSR) finding that Williams possessed the weapon in connection with the distribution of a controlled substance. During the sentencing hearing, Anthony Lourence, a police detective, testified that a confidential informant told him that Williams and Tyson Burris were selling drugs from a hotel. That information was corroborated by the fact that the informant made a controlled purchase of drugs from Burris at the hotel, that Burris and Williams then left the hotel together, and that drugs and a scale with drug residue on it were found in the vehicle driven by Williams. Williams did not present any rebuttal evidence demonstrating that the information in the PSR was materially untrue, inaccurate, or unreliable. See United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). Absent such rebuttal evidence, the district court's reliance on the PSR and Lourence's testimony was proper, and the district court's factual finding that the firearm was related to the distribution of drugs by Williams and Burris was not implausible in light of the record as a whole. See Parker, 133 F.3d at 329; United States v. Condren, 18 F.3d 1190, 1199 (5th Cir. 1994). Williams's sentence is AFFIRMED.